IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIAM SULLIVAN, #157 996   *

   Plaintiff,       *

    v.         *   2:05-CV-1033-MEF
                  (WO)
SIDNEY WILLIAMS, *et al.*,   *

   Defendants.     *

_____

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 17, 2008 the undersigned entered a Recommendation that Defendants' dispositive motion be granted. Plaintiff filed objections to the Recommendation on July 7, 2008. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in his objections.

Plaintiff contends that the confidential nature of parole files pursuant to Ala. Code § 15-22-36(b) violates his rights to due process and equal protection and denies him access to the courts. In support of this allegation, Plaintiff submitted an exhibit which he claims demonstrates that "defendants and [the] [B]oard [have] allow[ed] other people not affiliated with the board to obtain information from plaintiff's parole file" but have not granted him and the court the same opportunity. (*Doc. No. 96 at 3; see also Doc. No. 2 at 11and Exh. J.*)

With regard to the one page document which Plaintiff asserts supports his claim, it appears that the document may have been part of a response to a habeas petition.  Plaintiff maintains that the document shows that the Board opened his parole file to another party and gave that party information contained in his parole file.  The information Plaintiff alleges was divulged improperly appears to be 1) information obtained in  response to Plaintiff's contention that he had been unconditionally pardoned  on a conviction used to sentence him as a habitual offender and 2)  information that Governor Siegelman's office had requested a pardon for Plaintiff in 2000, a request the Board did not honor.

Ala. Code § 15-22-36(b) provides that "[e]ach member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or forfeiture, or restoration of civil and political rights shall enter in the file his or her reasons in detail, *which entry and the order shall be public records*, but all other portions of the file shall be privileged."  (emphasis added).  It appears from the statute itself that the information concerning pardons which Plaintiff  complains was improperly disclosed in Exhibit J would have been a matter of public record had the assertions  to which the response was made been true.   More to the point, however, Plaintiff has not state a viable equal protection, due process claim, or access to courts claim.

The privileged nature of the Board's parole files does  not violate any due process right to which Plaintiff is entitled.  The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life,

liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.". *See Sandin v. Conner*, 515 U.S. at 483-484 (1995). Here, Plaintiff's claim concerning the privileged nature of parole files fails to state a violation of his due process rights. It is, therefore, due to be dismissed.

Plaintiff's contention that the privileged nature of parole files violates his right of access to the courts is without merit. To demonstrate that Defendants' actions have impacted his access to the courts, Plaintiff must show that he suffered some actual prejudice in prosecuting litigation. *See Lewis v. Casey,* 518 U.S. 343, 352- 53 (1996). In this case, Plaintiff fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated non-frivolous legal claim as a result of the conduct with which he takes issue. Plaintiff, therefore, has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts.

Plaintiff's complaint about the privileged nature of parole files likewise does not state an equal protection violation. The Equal Protection Clause provides that no state shall "deny

3

to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The equal protection clause 'is essentially a direction that all persons similarly situated should be treated alike.' " *Spence v. Zimmerman,* 873 F.2d 256, 261 (11th Cir. 1989), quoting *City of Cleburne, Texas v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985). A disparate treatment claim requires establishing that similarly situated inmates were not similarly treated and that prison officials engaged in invidious discrimination based on a constitutionally protected interest. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (the Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."); *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 932-33 (11th Cir. 1986).

Additionally, to succeed on an equal protection challenge, Plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of rules and/or regulations without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). Thus, in order to state a viable equal protection claim, Plaintiff must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 746-47 (5th Cir. 2002) ( finding no equal protection violation where security-related policy treated male and female prisoners differently because male

prisoners in a certain prison were more numerous and had been convicted of more violent offenses). ) "Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were situated similarly to the Plaintiff." *GJR Inv., Inc. v. Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *see also Norvell v. State of Ill.*, 373 U.S. 20, 423 (1963) ("[e]xact equality is no prerequisite of equal protection of the laws within the meaning of the Fourteenth Amendment.").

Plaintiff must also show that Defendants acted with intent to discriminate against him.

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges the actions of state officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987); *Washington v. Davis*, 426 U.S. 229, 242 (1976).

Since this case is before the court on a properly supported motion for summary

judgment from Defendants, Plaintiff bears the burden of producing some evidence to show that he was the victim of intentional discrimination. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Plaintiff, however, fails to demonstrate that he was similarly situated to other inmates with regard to the matter about which he complains. Furthermore, other than Plaintiff's conclusory allegations that the actions of Defendants violated his equal protection rights, the record is devoid of any evidence that they acted in an intentionally discriminatory manner. Summary judgment is, therefore, due to be granted in favor of Defendants on Plaintiff's equal protection claim as it concerns the privileged nature of the Board's parole files.

Plaintiff alleges that Defendants' failure to follow their rules and regulations during his October 2003 parole hearing also violated his right to equal protection. According to Plaintiff, "defendants follow their own rules and regulations on everybody else['s] parole review and then have plaintiff's parole hearing different from anybody else. . . [D]efendants ha[ve] taken similar situated people and treat one different from others that is similarly situated as these defendants ha[ve] done to this plaintiff." (*Doc. No. 96 at 5*.) Plaintiff further alleges that Defendants' failure to hold his most recent parole hearing in accordance with the due process considerations of a quasi-judicial proceeding also violated his equal protection rights. (*Doc. No. 2 at 19*.)

As noted, evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than instances of purposeful or invidious

6

discrimination, is insufficient to show discriminatory intent.  *McKleskey*, 481 U.S. at 292.

Moreover, similar to his other discrimination claim, Plaintiff does not allege that he has been

subjected to any tangible unequal treatment by Defendants' conduct such as their decision

being based upon a constitutionally protected interest. As a matter of law, therefore, the

allegations supporting these claims, without more, do not rise to the level of a constitutional

violation.

To the extent Plaintiff's alleges that Defendant' conduct and/or actions as set forth in

his complaint violated his rights under state law, review of such claims is only appropriate

upon exercise of this court's supplemental jurisdiction.  In the posture of this case, however,

the exercise of such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not

otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial

federal claim and the federal and state claims must derive from a "common nucleus of

operative fact."'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th

Cir. 1984).  The exercise of supplemental jurisdiction is discretionary. *United Mine Workers

v. Gibbs*, 383 U.S. 715 (1966).  "If the federal claims are dismissed prior to trial, *Gibbs*

strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*,

735 F.2d at 428.  In view of this court's resolution of the federal claims presented in the

complaint, Plaintiff's supplemental state law claims are due to be dismissed. *Gibbs,* 383 U.S.

at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed

as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The June 17, 2008 Recommendation of the Magistrate Judge be adopted; and

2.  Defendants' motion for summary judgment on Plaintiff's due process, equal protection, and access to courts claim, as discussed herein (*Doc. Nos. 18, 63*), be GRANTED; and

3.  Plaintiff's pendent state law claims be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 28, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of July 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED  STATES  MAGISTRATE  JUDGE

9